Robinson, J.
The plaintiff in error, the city of Akron, seeks a reversal of the judgment of the court below upon the ground that at the time of the injury the servants of the city were engaged in a governmental function, in that they were returning from delivering a broom shell, which is a part of a street-sweeping machine, to the depot for shipment, and therefore were engaged in an act incident to street cleaning, and that street cleaning is a service rendered in part for the preservation of the public health, and is therefore, the exercise of a govern *124 mental function, delegated, to the city by the sovereign state.
This court has always, as indeed have courts generally, recognized the theory that municipalities have dual powers, the one wherein they exercise the power delegated by the sovereign to preserve the peace and to protect persons and property, and the other where they exercise power, proprietary in its nature, and which relates to the development of the municipality as distinguished .from the commonwealth. .
In the instant case, if the delivery of the broom shell was for the use of the street-cleaning department of the city of Akron, it was an incident to street cleaning and was an act governmental in its nature, and the city as a matter of public policy would be exempt from liability for the negligence of its servants. If, on the other hand, it was a mere shipment of freight for a purpose other than the use of the .street-cleaning department, or some other governmental activity, as distinguished from proprietary activity, the city would be liable for the negligence of its servants.
The evidence discloses that the truck was under the supervision .of the superintendent of street cleaning and parks and public property; that at the time of the accident it was in charge of an employee of the street-cleaning department, and an employee who was foreman of the city garage; and that,they were returning to the city garage from the Pennsylvania freight depot, where they had delivered a broom shell to be shipped “for a sample.”
It will thus he seen that the, truck was under the supervision of an official whose duties with refer *125 ence to street cleaning come within the general classification of governmental functions—whose duties with reference to parks and pnblic property come within the general classification of proprietary functions; that the driver of the truck, while employed in the street-cleaning department at the time, was engaged in a service which might or might not have been connected with that department; that he was accompanied by the foreman of the city garage, whose employment contemplated services either governmental or proprietary; and that neither the defendant in error, the plaintiff below, nor the plaintiff in error, defendant below, offered any evidence upon the subject of the purpose of the shipment, other than the evidence that it was being shipped “for a sample.”
The purpose of the shipment being decisive of the question whether the servants of the city were engaged in a governmental or proprietary function, and the evidence that the shipment was “for a sample” being susceptible alike to the inference that it was being shipped for a sample for the use of the street-cleaning department, and the inference that it was being shipped for a sample for a use other than- that of the street-cleaning department, neither can be said to be a reasonable inference. There was, therefore, a failure on the part of the defendant in error, the plaintiff below, to furnish any proof upon the subject of the liability of the city to respond for the negligence of its servants.
The judgment of the Court of Appeals and that of the court of common pleas will therefore be reversed, and this court, entering the judgment which *126 the Court of Appeals ought to have entered, will enter judgment for the plaintiff in error.

Judgment reversed, and judgment for plaintiff in error.

Marshall, C. J., Jones and Matthias, JJ., concur.
Wanamaker, J., dissents.